## Hobart Manufacturing Company, etc., v. Schleigh, Trustee, et al.

*Reiley & Reiley*, for plaintiff.
*Alvin L. Little*, for defendants.

WRIGHT, P. J., November 5, 1943.—Plaintiff instituted suit before a justice of the peace against Irene Schleigh, trustee in bankruptcy for Charles M. Kaiser, trading as C. M. Kaiser & Sons, seeking to recover the value of certain machinery loaned to the bankrupt, which machinery was sold by the trustee over plaintiff's objection. Judgment was rendered in favor of plaintiff, and the transcript of the judgment was filed in the court of common pleas. Plaintiff then issued the present scire facias, attempting thereby to make the trustee personally liable for the judgment. We now have before us for determination a rule to show cause why both the scire facias and the judgment on which it is based should not be stricken off.

We are clearly of the opinion that the scire facias cannot stand. The suit was against the trustee in her representative capacity, and the judgment was rendered against her in such capacity. She was not sued as an individual, and plaintiff has not cited us any authority to justify the procedure here attempted.

So far as the judgment against the trustee in her representative capacity is concerned, defendant argues that it must be stricken off because suits such as this

against a trustee in bankruptcy may not be instituted without court permission. The record does not show such permission and, admittedly, such permission was not obtained. Plaintiff, however, contends: First, that defendant raised this objection before the justice of the peace and that, since no appeal was taken, the matter is now res judicata, citing A. L. I. Restatement of Judgments 50, §9; second, that court permission is not necessary to sue a trustee in bankruptcy personally, citing Collier on Bankruptcy (14th ed.), secs. 2.30 and 23.20. We cannot sustain either of these contentions. The difficulty with the first is that the record does not show that the jurisdictional question was raised. The difficulty with the second is that the suit was not instituted against the trustee personally. Hence the following

### Decree

Now, to wit, November 5, 1943, rule absolute and the scire facias and judgment on which it is based are stricken from the record at the cost of plaintiff.